1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 15-35482-cgm

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    LISA M JACOBS,

8

9            Debtor.

10

11   - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                    U.S. Bankruptcy Court

14                    355 Main Street

15                    Poughkeepsie, New York

16

17                    February 2, 2016

18                    9:42 AM

19

20   B E F O R E :

21   HON CECELIA G. MORRIS

22   U.S. BANKRUPTCY CHIEF JUDGE

23

24

25

1  HEARING RE:  Doc# 10 Loss Mitigation Request Pursuant to

2  General Order M455 filed by Peter M. Frank Esq. On behalf of

3  Lisa M Jacobs.

4

5  HEARING RE:  Doc# 43 Motion for Contempt and Sanctions for

6  Violating Loss Mitigation Order by Order to Show Cause filed

7  by Peter M. Frank Esq. On behalf of Lisa M Jacobs with

8  hearing to be held on 2/2/2016 at 9:30 a.m. at Poughkeepsie

9  Office -- 355 Main Street.

10

11  HEARING RE:  Order to Show Cause signed on 1/20/2016 with

12  hearing to be held on 2/2/2016 at 9:25 a.m. at Poughkeepsie

13  Office -- 355 Main Street (DeCicco, Vincent)

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Nicole Yawn

1    A P P E A R A N C E S :

2    LEGAL SERVICES OF THE HUDSON VALLEY

3        Attorney for the Debtor

4        101 Hurley Avenue

5        Suite 3

6        Kingston, NY 12401

7

8    BY:  PETER M. FRANK, ESQUIRE

9

10   PARKER IBRAHIM & BERG, LLC

11       Attorney for JPMorgan Chase Bank, N.A.

12       270 Davidson Avenue

13       Somerset, NJ 08873

14

15   BY:  MELINDA COLON-COX, ESQUIRE

16

17   ALSO PRESENT:

18   ALBERT SMITH, JR.

19   JPMORGAN CHASE REPRESENTATIVE

20

21

22

23

24

25

```
1                    P R O C E E D I N G S
2            THE COURT:  15-35482, Lisa Jacobs?
3            MR. FRANK:  Peter Frank, Legal Services of the
4    Hudson Valley, for the debtor, Judge.
5            MS. COLON-COX:  Good morning, Your Honor.  Melinda
6    Colon-Cox, on behalf of JPMorgan Chase Bank.  And we have a
7    representative from Chase, Albert Smith.
8            THE COURT:  Very good.
9            Have you all had a chance to talk, Mr. Frank?
10   This is on an order to show cause.
11           MR. FRANK:  We have had a chance to talk, but we
12   really haven't gotten anything done.
13           THE COURT:  Okay.
14           MR. FRANK:  At the last appearance, Mr. Griswold
15   (ph), from a different law firm appeared.  He didn't appear
16   today.  I don't know if this is a high-ranking office of
17   JPMorgan Chase or not, but they haven't submitted
18   opposition.
19           I submitted the documents at the Court's
20   suggestion.  I submitted a completely new RMA.
21           THE COURT:  I did.  I told you to do that.
22           MR. FRANK:  And I did that.  And now, they're
23   telling me the same story, basically, all over again.
24   What's even more bizarre is that they're still sending out
25   notices to me that they're changing servicers.  And they
```

1   never withdrew the notification that they're --

2           THE COURT:  Well, they're not changing the

3   servicer.  You know that.

4           MS. COLON-COX:  So -- may I?  No, no, understood.

5   Understood, Your Honor.

6           THE COURT:  Okay.

7           MS. COLON-COX:  So I am new to the case.  So I've

8   been trying to kind of wrap my hands around it.  But there

9   was a -- it was serviced.  I mean, it was scheduled to be

10  serviced at least.  And that's what resulted in the notices.

11          THE COURT:  You're in litigation.

12          MS. COLON-COX:  Well, --

13          THE COURT:  When you're here, you're in

14  litigation.  You don't change a servicer.

15          MS. COLON-COX:  Understood, Your Honor.

16          THE COURT:  Okay.

17          MS. COLON-COX:  (Indiscernible) is now working on

18  getting that back.  They requested an exclusion.  We

19  received confirmation this morning the loan is being

20  excluded from the servicer transfer (ph).  So it's not

21  happening.

22          THE COURT:  Okay.

23          MS. COLON-COX:  We don't have a formal notice yet,

24  because we just got the information this morning.

25          THE COURT:  Okay.

1          MS. COLON-COX:  So that's the service transfer

2    issue.  But then there's now this other issue whether or not

3    the debtor qualifies for a loan application under Freddie

4    Mac's campfire (ph) drawings (ph) or under a lamp (ph).

5          THE COURT:  Okay.

6          MS. COLON-COX:  And it still remains our position

7    -- and I know that counsel takes issue with this.  But first

8    of all, Freddie Mac at this time as of, I believe, September

9    of 2015, no longer even considers hands (ph), unless it

10   specifically requests an exception.  And the exception --

11   the lamp.  I'm sorry.

12          The lamp is the loan assumption modification

13   program, Freddie Mac's.  And what that is -- it's for

14   debtors who are not under note (ph) and who are not defined

15   as default (ph) --

16          THE COURT:  Who owns this note?

17          MS. COLON-COX:  Freddie Mac.

18          THE COURT:  Then why isn't Freddie in here?

19          MS. COLON-COX:  I don't think it was required

20   (indiscernible) --

21          THE COURT:  We can make Freddie come.  They're the

22   one that owned it.  They're the one that owned it.  We need

23   them in the courtroom.  I could care less who the servicer

24   is, except you can't transfer it in the middle of

25   litigation.

1          MS. COLON-COX:  Understood.

2          THE COURT:  But it's against the owner of the

3     mortgage.  And if the owner of the mortgage is Freddie Mac,

4     why isn't Freddie Mac in this courtroom?

5          MS. COLON-COX:  I understand that, Your Honor.

6     But we have been working towards this lamp issue.  Mr. Frank

7     submitted the completed loan application, if I'm not

8     mistaken, January 21st.

9          THE COURT:  Okay.

10          MS. COLON-COX:  And that's going to be used to

11     request the exception for Freddie Mac to review the debtor

12     for (indiscernible).

13          THE COURT:  Okay.  Just bring Freddie Mac in.

14          MR. FRANK:  No, they should.  I mean, it's been

15     six months since we had a completed application.  So I --

16          THE COURT:  I know that.  But I want an order

17     ordering Freddie Mac in.  So you get me an order.  Because

18     otherwise, they're just going in and saying this Podunk

19     judge in Podunk Poughkeepsie said come in.  So let's get a

20     federal court order and get them in march 1st.

21          MR. FRANK:  Thank you, Your Honor.

22          THE COURT:  Now, obviously, you can talk that

23     whole time.  And more than likely, the order says Chase,

24     because that's who she's paying.  But we now know who owns

25     it.  So you've got to get service on Freddie Mac.

1        MR. FRANK:  I will do that, Your Honor.

2        THE COURT:  So --

3        MS. COLON-COX:  And, Your Honor, just so I can

4   clarify, I know that counsel did file a motion.  Your Honor

5   then entered the order to show cause.  Do you still want us

6   to oppose the motion, or was that the result of the order to

7   show cause?

8        THE COURT:  Well, the order to show cause -- he

9   has shown up, right?

10        MR. FRANK:  I don't know who he is, but, yes,

11   someone has shown up.

12        THE COURT:  Raise your right hand.

13      (Witness Sworn)

14        THE COURT:  State your full name.

15        THE WITNESS:  Albert Smith, Jr.

16        THE COURT:  And your name again?

17        THE WITNESS:  Albert Smith, Jr.

18        THE COURT:  And, Mr. Smith, where do you live?

19        THE WITNESS:  I live in Atlanta, Georgia.

20        THE COURT:  Where?

21        THE WITNESS:  Atlanta.

22        THE COURT:  My town.

23        Excuse me, everyone.  We speak the same language

24   here.

25        And what is your position?

1        THE WITNESS:  I'm mortgage banking research
2   officer, assistant vice president with JPMorgan Chase Bank.
3        THE COURT:  Do you have the authority to change
4   this law?
5        THE WITNESS:  As far -- what do you mean by
6   change, Your Honor.
7        THE COURT:  Do you have an authority to make
8   changes on the loan, to refinance, do whatever?
9        THE WITNESS:  Well, as servicer for --
10       THE COURT:  Can you answer that question?
11       THE WITNESS:  I'm trying to answer it, Your Honor.
12  As servicer --
13       THE COURT:  It's really a yes or no question.
14       THE WITNESS:  Well, as servicer for Freddie Mac,
15  Your Honor, we have serving authority with --
16       THE COURT:  But you don't have full authority?
17       Then the order to show cause is still in place.
18  So I'm leaving it open until you bring me someone with full
19  authority.
20       MS. COLON-COX:  Sure.
21       THE COURT:  You heard me say I wanted a senior
22  vice president that could rewrite -- I want someone that can
23  rewrite this mortgage.  And if that means Freddie Mac, I'm
24  ordering Freddie Mac in.
25       MS. COLON-COX:  Okay.

1           THE COURT:  But if somebody at Chase has more

2     power than you do, I want them in here.

3           MS. COLON-COX:  Okay.  And so -- but there's no --

4           THE COURT:  So the order to show cause -- well,

5     you might want to oppose it.

6           MS. COLON-COX:  Okay.

7           THE COURT:  Because at this moment, they are in

8     contempt.  I'm not necessarily holding them in contempt.

9           MS. COLON-COX:  Understood.

10           THE COURT:  Because I'm giving -- truly, we're not

11     out here to hold people in contempt.  We're out here for

12     people to pay attention and do what they're supposed to do.

13     And I haven't seen this as paying attention and doing what

14     you're supposed to do.

15           MS. COLON-COX:  Understood, Your Honor.

16           THE COURT:  And it became when they tried to

17     transfer the mortgage.  That's the first red flag.

18           MR. FRANK:  And on January 15th, I received

19     another notice from JPMorgan Chase.  It states that the

20     mortgage is now being serviced by Bayview (ph), as of today.

21           THE COURT:  Get me an order.  It is not.

22           MS. COLON-COX:  That's the one that's being

23     excluded, correct.

24           THE COURT:  Okay.  Get me an order.

25           MS. COLON-COX:  We just don't have

1    (indiscernible).

2              THE COURT:  There's no way.

3              MR. FRANK:  Thank you, Your Honor.  It's

4    (indiscernible).

5              MS. COLON-COX:  Yeah, we agree.

6              THE COURT:  Okay.  All right.

7              Now then, I am abstaining from ruling on the order

8    to show cause that's in place, but you hear my opinion on

9    it.  I've already telegraphed my opinion.

10             I want Freddie Mac in here, and I want an order.

11   And I understand that they agree.  So you can put that in

12   the terms of the order that it will not be transferred.

13             MR. FRANK:  Thank you, Your Honor.

14             THE COURT:  All right.

15             MS. COLON-COX:  Thank you, Your Honor.

16             THE COURT:  See you on 3/1.  And I expect you all

17   to talk.  This is silliness that you don't talk constantly.

18             MS. COLON-COX:  Sure.  Thank you, Your Honor.

19        (Whereupon, these proceedings were concluded at 9:49

20   AM)

21

22

23

24

25

1          C E R T I F I C A T I O N

2

3    I, Nicole Yawn certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6    Nicole     Digitally signed by Nicole Yawn
             DN: cn=Nicole Yawn, o=Veritext,
             ou, email=digital@veritext.com,
     Yawn      c=US
7    _____   Date: 2016.04.18 16:22:59 -04'00'

8    Nicole Yawn

9

10

11

12   Date:  February 5, 2016

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

23   330 Old Country Road

24   Suite 300

25   Mineola, NY 11501